1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   FEDEX GROUND PACKAGE SYSTEM,            No.  2:14-cv-01038-TLN-EFB
     INC.,
12
                        Plaintiff,
13
              v.                             **ORDER GRANTING DEFENDANTS'**
14                                           **MOTIONS TO DISMISS PURSUANT TO**
                                             **THE *YOUNGER* DOCTRINE**
     MIRIAM BARCELLONA INGENITO, et
15   al.,

16                      Defendants.

17

18         This matter is before the Court pursuant to Defendants Jackie Lacey, Bonnie Dumanis,

19   Jan Scully and Michael Ramos's[1] Motion to Dismiss Plaintiff Fedex Ground Package Systems,

20   Inc.'s ("Fedex") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the

21   abstention doctrine.[2]  (ECF No. 13.)  In addition, Defendant Miriam Barcellona Ingenito,[3] acting

22   _____

23   [1]      The following Defendants are all sued in their official capacity: (1) Jackie Lacey, the District Attorney for
     the County of Los Angeles; (2) Bonnie M. Duman, the District Attorney for the County of San Diego; (3) Jan Scully,
     the District Attorney for the County of Sacramento; and (4) Michael Ramos, the District Attorney for the County of
24   San Bernardino.  (*See* ECF No. 1 at ¶¶ 11–14.)
     [2]      Defendants Jackie Lacey, Bonnie Dumanis, Jan Scully, Michael Ramos have also requested that this Court
25   take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of Exhibits A and B to the Declaration of
     Douglas Whaley in Support of their motion to dismiss.  (*See* ECF No. 13.)  The documents attached to the Whaley
     Declaration are the complaints filed against FedEx in case numbers 34-2014-00165700 and 34-2014-00165454,
26   recorded in the Superior Court of Sacramento County, California.  "Federal courts may take judicial notice of
     proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct
27   relation to the matters at issue."  *Cactus Corner LLC v. U.S. Dept. of Agric.*, 346 F. Supp. 2d 1075, 1092 (E.D. Cal.
     2004).  As such, the Court GRANTS Defendants' request and thus takes judicial notice as to the fact that the
28   aforementioned cases were filed in the Superior Court of Sacramento County, California.

                                                        1

1 Director of the California Department of Toxic Substances Control ("DTSC Director"), has filed a

2 Motion to Dismiss the Complaint pursuant to Younger abstention, Declaratory Judgment Act, and

3 Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 17.)  Fedex has filed oppositions

4 to both motions to dismiss.  (ECF Nos. 24, 25.)  All of the moving Defendants have replied.  (ECF

5 Nos. 26, 28.)  For the reasons set forth below, the Court finds that abstention is appropriate pursuant

6 to *Younger v. Harris*, 401 U.S. 37 (1971), and thus GRANTS Defendants' motions.

## I.      FACTUAL BACKGROUND

8          FedEx is a federally registered motor carrier that operates under U.S. Department of

9 Transportation No. 265752.  (Compl., ECF No. 1 at ¶ 9.)  FedEx provides small package pick-up

10 and delivery services to businesses and residences nationwide, including in the state of California.

11 (ECF No. 1 at ¶ 15.)  As part of its transportation business, FedEx sometimes transports packages

12 that contain hazardous materials, such as paint, nail polish, perfumes, and other household items.

13 (ECF No. 1 at ¶ 3.)  FedEx formerly had certain procedures in place, which it has since changed

14 only in California, that it followed when a package containing hazardous materials was

15 discovered at one of its terminal facilities to have become damaged or defective.  (ECF No. 1 at ¶

16 20–21.)  Among those procedures was a process whereby FedEx's terminal personnel would

17 place a damaged or defective hazardous materials package in a salvage drum that was labeled,

18 marked, and managed in accordance with the Federal Hazardous Materials Transportation Act

19 ("HMTA") and Hazardous Materials Regulations ("HMR").  (ECF No. 1 at ¶ 24.)  After a

20 determination that the package did not pose an immediate safety threat (ECF No. 1 at ¶ 22),

21 FedEx would continue to transport the package to one of its three hub facilities in California

22 (ECF No. 1 at ¶ 25).  FedEx's hub facilities were, and still are, registered with the U.S.

23 Environmental Protection Agency ("EPA") as hazardous waste generating facilities.  (ECF No. 1

24 at ¶ 25.)

25          Once at the hub, trained personnel would evaluate the drum to determine if the contents

26

27 [3]      Defendant Miriam Barcellona Ingenito is also being sued in her official capacity.  The Complaint was
originally brought against Deborah O. Raphael, as the Director of the California Department of Toxic Substances
Control.  (*See* ECF No. 1 at ¶ 10.)  Pursuant to Federal Rule of Civil Procedure 25(d), Miriam Ingenito is Deborah
28 O. Raphael's successor and is thus automatically substituted as a party.

1  could be recycled or donated, or, if not, whether the contents had to be managed and disposed of

2  as hazardous waste.  (ECF No. 1 at ¶ 26.)  At no point during the repacking process at the

3  terminal or during the continued transportation of a salvage drum to a hub were the packages

4  delivered to the destination indicated on the shipping documents accompanying that package.

5  (ECF No. 1 at ¶ 38.)  FedEx has since changed these practices in California, and the Defendants

6  have not challenged FedEx's current practice for managing damaged or defective hazardous

7  materials packages in California.  (ECF No. 1 at ¶¶ 3, 5.)

8      In its Complaint, FedEx alleges that Defendants' interpretation and enforcement of

9  California law is inconsistent with Federal law and further that Defendants have threatened FedEx

10  with enforcement of California's hazardous waste laws.  (ECF No. 1 at ¶¶ 36, 41.)  On April 26,

11  2014, FedEx filed a one-count complaint seeking a declaratory judgment that the District

12  Attorneys' and the DTSC's application and enforcement of California's hazardous waste laws to

13  FedEx Ground's former procedures for transporting packages containing hazardous materials is

14  preempted by the federal Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. § 5125.

15  The People of California and DTSC subsequently filed civil actions against FedEx in Sacramento

16  County Superior Court alleging violations of California's Hazardous Waste Law ("HWCL") and

17  California Health and Safety Code sections 25100, et seq.  (ECF No. 16 at 4, 18.)  Afterwards,

18  Defendants filed the instant motions to dismiss in this Court.

19      **II.    STANDARDS OF LAW**

20      Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

21  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

22  U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

23  defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v.*

24  *Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

25  pleading standard relies on liberal discovery rules and summary judgment motions to define

26  disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

27  534 U.S. 506, 512 (2002).

28      On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

3

1   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

2   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

3   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

4   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

5   relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

6   factual content that allows the court to draw the reasonable inference that the defendant is liable

7   for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

8          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

9   factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

10  1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

11  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

12  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

13  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

14  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

16  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

17  been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

18  U.S. 519, 526 (1983).

19         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

20  facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

21  *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to nudge his or her claims "across

22  the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680 (quoting

23  *Twombly*, 550 U.S. at 570).  While the plausibility requirement is not akin to a probability

24  requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

25  *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to

26  draw on its judicial experience and common sense." *Id.* at 679.

27         In ruling upon a motion to dismiss, the court may consider only the complaint, any

28  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

4

1    Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

2    *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

3    1998).

4            If a complaint fails to state a plausible claim, "'a district court should grant leave to amend

5    even if no request to amend the pleading was made, unless it determines that the pleading could

6    not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

7    Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also*

8    *Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying

9    leave to amend when amendment would be futile).  Although a district court should freely give

10   leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such

11   leave is 'particularly broad' where the plaintiff has previously amended its complaint."

12   *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

13   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

14       **III.    ANALYSIS**

15           Defendants have presented numerous challenges to Plaintiff's Complaint within both of

16   their motions.  The abstention arguments presented are duplicated within the two instant motions

17   to dismiss.  For purposes of clarity, the Court does not differentiate between which Defendant

18   presented which argument and instead addresses the abstention argument as a whole below.[4]

19           *Younger* abstention is appropriate when the following criteria are met: (1) state judicial

20   proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the

21   state proceedings provide an adequate opportunity in state court to raise constitutional challenges.

22   *See Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *M&A*

23   *Gabaee v. Cmty. Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir.

24   2005).  "A federal court must abstain to avoid interference in a state-court civil action when

25   [aforementioned] three tests are met."  *M&A Gabaee*, 419 F.3d at 1039.  "Where *Younger*

26   abstention is appropriate as to a request for declaratory or injunctive relief, the court may not

27

28   _____
     [4]      Because this Court finds that abstention is appropriate under *Younger*, the Court declines to address
     Defendants' Rule 12(b)(1) and Rule 12(b)(6) arguments.

                                              5

1   retain jurisdiction, but should dismiss the action." *Remington v. Mathson*, No. CV09-4547 NJV,

2   2010 WL 1233803, at *5 (N.D. Cal. Mar. 26, 2010) (citing *Juidice v. Vail*, 430 U.S. 327, 348

3   (1977); *Beltran v. State of California*, 871 F.2d 777, 782–83 (9th Cir. 1988)).

4          The principle behind the *Younger* abstention doctrine was the Supreme Court's conviction

5   that "[s]ince the beginning of this country's history Congress has, subject to few exceptions,

6   manifested a desire to permit state courts to try state cases free from interference by federal

7   courts." *Younger*, 401 U.S. at 43.  The Supreme Court explained that "the National Government,

8   anxious though it may be to vindicate and protect federal rights and federal interests, always

9   endeavors to do so in ways that will not unduly interfere with the legitimate activities of the

10  States." *Id.* at 44.

11             The driving principle behind *Younger* was that in matters of special
              concern to the states, federal courts should avoid depriving the state
12            courts of the opportunity to adjudicate constitutional issues. *Hicks*
              reaffirmed and extended this principle, holding that because '[t]he
13            rule in *Younger v. Harris* is designed to permit state courts to try
              state cases free from interference by federal courts,' federal courts
14            must defer even to state court proceedings that are filed after the
              federal action.
15

16  *M&A Gabaee*, 419 F.3d at 1040 (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).  This

17  Court now turns to *Younger's* three prong analysis to determine whether abstention is appropriate.

18         A.      Pending State Judicial Proceedings

19         The Ninth Circuit has explained that whether the state proceedings are "pending" is not

20  determined by comparing the commencement dates of the federal and state proceedings.  *Id.* at

21  1041; *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987).  Instead, "abstention under

22  *Younger* may be required if the state proceedings have been initiated 'before any proceedings of

23  substance on the merits have taken place in the federal court.'"  *M&A Gabaee*, 419 F.3d at 1041

24  (quoting *Polykoff*, 816 F.2d at 1332); *see also Comm. Telesys. Intern. v. Cal. Pub. Util. Comm'n*,

25  196 F.3d 1011, 1016 (9th Cir. 1999) (applying *Younger* abstention in a civil case seeking

26  injunctive relief where the federal action was filed before the state action).

27         Here, the federal action was filed on April 26, 2014.  (ECF No. 1.)  On June 25, 2014, the

28

6

1  People of the State of California, ex rel. Miriam Barcellona Ingenito,[5] filed a complaint for

2  permanent injunction, civil penalties and other equitable relief against FedEx complaining of the

3  practices at issue in this case occurring from at least November of 2008 through and including

4  May of 2014.  (*See* ECF No. 16 at 18–22.)  On July 1, 2014, the People of California[6] filed a civil

5  action against FedEx as a result of ongoing investigations over the past two years.  (*See* ECF No.

6  16 at 4.)  Prior to the state actions being filed, no federal court proceedings dealing with the

7  merits of this case had taken place.  In fact, the filing of Plaintiff FedEx's Complaint and

8  numerous pro hac vice applications were the only federal court procedural occurrences prior to

9  the filing of the state actions.  (*See* ECF Nos. 1–12.)  Thus, the state proceedings were initiated

10  before any substantive proceedings on the merits had taken place in this Court and Defendants

11  have shown that the first *Younger* prong has been met.

12          B.      State Proceedings Implicate Important State Interests

13          This case involves whether FedEx's past procedure violates HWCL.  Defendants contend

14  that this is a matter of important state interest and thus this Court should abstain from hearing this

15  case.  In opposition, FedEx argues that HWCL is preempted by the HMTA and HMR, and thus

16  there is an overwhelming federal interest that outweighs that of the state.

17          The Ninth Circuit has been instructive that as an initial matter, this Court must decide

18  whether, without regard to the issue of federal preemption, the state statute at issue involves an

19  important state interest.  *Woodfeathers, Inc. v. Washington Cnty., Or.*, 180 F.3d 1017, 1021 (9th

20  Cir. 1999).   Thus, the Court must first determine whether the treatment of hazardous waste

21  involves an important state interest.  If so, the Court then turns to whether federal preemption is

22  "readily apparent."  *Id.*

23

24  _____
    [5]      Miriam Barcellona Ingenito, Acting Director of the California Department of Toxic Substances Control is a
25  named Defendant in the instant case.
    [6]      The People of California brought this action by and through Jan Scully, District Attorney of Sacramento
26  County; Nancy E. O'Malley, District Attorney of Alameda County; Michael J. Ramsey, District Attorney of Butte
    County; Elizabeth A. Eagan, District Attorney of Fresno County; Jackie Lacey, District Attorney of Los Angeles
27  County; Michael Ramos District Attorney of San Bernardino County; Bonnie M. Dumanis, District Attorney of San
    Diego County; Joyce E. Dudley, District Attorney of Santa Barbara County; Donald A. du Bain, District Attorney of
28  Solano County; and Jill R. Ravitch, District Attorney of Sonoma County (collectively referred to as  "Prosecutors").
    Some of these Prosecutors are named as Defendants in the instant case.

1          *i.          Whether There is an Important State Interest*

2          There is a lengthy list of areas considered to be important state interests warranting

3   abstention under *Younger*, including those interests assigned primarily to the states, such as

4   matters relating to public health.  *See Harpers v. Public Service Comm'n of W.Va.*, 396 F.3d 348,

5   352–353 (4th Cir. 2005).  "The exercise of the police power to protect the health and welfare of

6   the public and the environment is primarily and historically a matter of local concern upon which

7   the states traditionally have great latitude."  *People v. Union Pacific R.R. Co.*, 141 Cal. App. 4th

8   1228, 1247 (2006).  In enacting the HWCL, the California Legislature noted the long-term threats

9   to public health, air, and water quality posed by the inappropriate handling, storage, use, and

10  disposal of hazardous wastes; thus, in order to protect public health and the environment,

11  regulations were needed to ensure that generators of hazardous waste safely handle and treat their

12  hazardous waste prior to disposal.  Cal. Health & Safety Code, § 25100(a) and (b).  Therefore, it

13  is clear that the treatment of hazardous waste is an important state interest, and the Court turns to

14  whether federal preemption of the HWCL is "readily apparent."  *Woodfeathers, Inc.*, 180 F.3d at

15  1021.  If preemption is readily apparent, then this Court need not abstain.  Conversely, if it is not

16  and the other two *Younger* prongs are met, the Court must abstain.  *Id.* at 1022.

17         *ii.          Whether Federal Preemption is Readily Apparent*

18         The Ninth Circuit has repeatedly held that if the determination as to whether to abstain

19  turned on whether a state law is preempted, *Younger* would be rendered a nullity.  *Id.* at 1021;

20  *Fresh Int'l Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1361 (9th Cir. 1986); *Worldwide*

21  *Church of God, Inc. v. Cal.*, 623 F.2d 613, 616 (9th Cir. 1980)).  Thus, an argument of

22  preemption will only defeat *Younger* abstention when preemption is readily apparent.  Preemption

23  has been found "readily apparent where the Supreme Court had previously decided the issue;

24  where the state law fell under the express preemption clause of the Employment Retirement

25  Income Security Act of 1974 (ERISA); and where the federal regulatory jurisdiction of the

26  employees in a bargaining unit had previously been determined."  *Woodfeathers, Inc.*, 180 F.3d at

27  1021 (internal citations omitted); *see also Baggett v. Dep't of Prof'l Regulation, Bd. of Pilot*

28  *Comm'rs*, 717 F.2d 521, 523–24 (11th Cir. 1983) (federal preemption of state disciplinary

1    proceeding of marine pilot readily apparent where Congress had provided for exclusive

2    jurisdiction over the control and direction of vessels in United States waters).

3            This is not such a case.  Here the question is whether FedEx Ground's activities in

4    managing damaged hazardous materials packages at its terminal facilities are functions performed

5    during "transportation," constituted "transportation functions" performed by a carrier, and/or

6    constituted "pre-transportation functions," and are therefore governed by the HMTA and HMR.

7    This is a question of first impression.  The parties have not cited nor is this Court aware of any

8    courts that have decided this issue.  FedEx argues that enforcement of California law would result

9    in an obstacle to the HMTA and that both *Chlorine Inst., Inc. v. California Highway Patrol*, 29

10   F.3d 495, 498 (9th Cir. 1994), and *People v. Union Pac. R. Co.*, 141 Cal. App. 4th 1228, 1258

11   (2006), *as modified on denial of reh'g* (Aug. 31, 2006), hold that state regulations pertaining to an

12   area already regulated under the HMR pose an obstacle to the goal of uniform national standards

13   for the transportation of hazardous materials and are thus preempted.  FedEx asserts that these

14   cases make preemption in this case readily apparent.  This Court disagrees.

15           The cases cited by FedEx are neither Supreme Court precedent, nor do they deal with the

16   exact issue posed here.  In *Chlorine Institute*, the California Highway Patrol adopted regulations

17   regarding the transportation of certain hazardous materials, requiring that they be accompanied by

18   escort vehicles and prescribed various requirements regarding those vehicles.  29 F.3d at 496.

19   The Ninth Circuit held that the regulations created a separate regulatory regime for those

20   activities, fostering confusion and frustrating Congress's goal of developing a uniform, national

21   scheme of regulation.  In *Union Pacific*, the California Court of Appeal found that the attempt to

22   impose civil penalties for conduct related to transportation of hazardous materials where no actual

23   environmental release occurred is an obstacle to fulfillment of the HMTA.  141 Cal. App. 4th at

24   1258.  Neither of these cases addressed whether packages that were damaged in transport and

25   then permanently diverted from their destination are still considered in transport for purposes of

26   the HMTA and HMR.  Thus, preemption is not readily apparent, and this prong supports

27   abstention under the *Younger* doctrine.

28

C.     An Adequate Opportunity in State Court to Raise Constitutional Challenges

State court proceedings are presumed adequate to raise the federal claim "in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *see also Woodfeathers, Inc.*, 180 F.3d at 1020 (applying *Penzoil*).  FedEx has not presented any arguments concerning any sort of inadequacy of the state court forum that would preclude it from raising its constitutional challenges in state court.  Therefore, the current state court proceedings are presumed adequate to raise FedEx's constitutional claim.

## IV.     CONCLUSION

Defendants have shown that all three of the *Younger* doctrine prongs are met and therefore this Court must dismiss this case.  *M&A Gabaee*, 419 F.3d at 1039.  Further, the Court notes that given the impending state litigation at the time that this case was filed in federal court, the Court is not convinced that this forum is appropriate.  Federal Rule of Civil Procedure 57 allows the Court to refuse declaratory relief if the alternative remedy is better or more effective.  *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *City of Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir. 1975); *Aetna Cas. & Sur. Co. v. Jefferson Trust & Sav. Bank of Peoria*, 993 F.2d 1364, 1366 (8th Cir. 1993); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 378–79 (10th Cir. 1975).   Federal courts have repeatedly dismissed pre-enforcement declaratory relief actions under similar circumstances, where one party seeks declaratory relief to forestall an impending state court lawsuit and to obtain a federal forum instead.  *See Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692–94 (9th Cir. 1961) (dismissing action filed in anticipation of cross claims that were going to be filed in pending state court action); *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 522 (6th Cir. 2000) (dismissing action where hospital sued in federal court seeking a declaration of preemption after it received a notice of intent to sue, and before the waiting period for the state court suit); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987) (dismissing declaratory relief action where filed based on cease and desist notice and threat of lawsuit in state court);.

"The purposes of declaratory judgments are to 'clarify[ ] and settl[e] the legal relations at issue' and to 'terminate and afford relief from the uncertainty, insecurity, and controversy giving

10

1  rise to the proceeding.'"  *Tempco Elec. Heater Corp.*, 819 F.2d at 749 (quoting Borchard,

2  Declaratory Judgments 299 (2d ed. 1941)).  "It is not the purpose of the Declaratory Judgment

3  Act to encourage a race to the courthouse for the purpose of transferring litigation to the federal

4  courts from the state courts."  *Shell Oil Co.*, 290 F.2d at 692.  Thus, in the event that *Younger*

5  abstention had not been appropriate, the Court was inclined to decline jurisdiction on this ground.

6         For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 13, 17) are hereby

7  GRANTED.  The Clerk of Court is hereby directed to CLOSE THIS CASE.

8         IT IS SO ORDERED.

9  Dated:  January 21, 2015

10

11

12                                              Troy L. Nunley
                                               United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               11